**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Lawrence S. Walter
United States Bankruptcy Judge

**Dated: July 1, 2014**

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| In re: | : | CASE NO. 13-34099 |
| | : | |
| Lofino Properties, LLC, | : | Chapter 11 |
| | : | (Substantively consolidated) [1] |
| Debtor. | : | Judge Lawrence S. Walter |
| | : | |

### ORDER AUTHORIZING AND APPROVING
### (A) SALE OF THE SOUTHLAND PROPERTY, FREE AND CLEAR OF LIENS,
### CLAIMS, AND INTERESTS, AND (B) ASSUMPTION AND ASSIGNMENT OF
### ASSOCIATED UNEXPIRED LEASES AND EXECUTORY CONTRACTS

This matter came before the Court pursuant to the *Trustee's Motion Pursuant To 11*

*U.S.C. §§ 363 And 365 And Bankruptcy Rule 9019 For (A) Authority To Sell Debtor's Certain*

*Property Subject To Mortgages And Liens Of Glicny Real Estate Holding, LLC, Free And Clear*

---

[1]     *In re Southland 75, LLC*, Case No. 13-34100, substantively consolidated on lead Case No. 13-34099. Documents filed in the individual cases shall be cited by their respective docket numbers, L.Doc. __ for documents previously filed in *In re Lofino Properties, LLC*, Case No. 13-34099, and S.Doc. __ for documents previously filed in *In re Southland 75, LLC*, Case No. 13-34100.

*Of Liens, Claims, And Interests, With Valid Liens To Attach To Proceeds Of Sale, (B)*
*Assumption And Assignment Of Associated Unexpired Leases And Executory Contracts, (C)*
*Approval Of Settlement Between The Trustee And Glicny Real Estate Holding, LLC, And (D)*
*Related Relief* (the "Sale Motion")[2] (Doc. 173), filed by Henry E. Menninger, Jr., Trustee for
Lofino Properties, LLC, and Southland 75, LLC (the "Trustee").   Through the Sale Motion, the
Trustee, pursuant to 11 U.S.C. §§363(b), (f), (m), and (n) and 365(a); Rules 2002, 6004, 6006,
and 9019 of the Federal Rules of Bankruptcy Procedure; and Local Bankruptcy Rules 6004-1
and 9019-1, seeks entry of an order (a) authorizing the sale of certain property of the Debtors,
free and clear of liens, claims, and interests, with valid liens attaching to the proceeds of the sale,
(b) approving the assumption by the Trustee and assignment of certain unexpired leases and
executory contracts, (c) approving certain settlements between the Trustee and Glicny Real
Estate Holding, LLC ("Glicny"), and (d) granting related relief.   This Order addresses approval
of the Sale of the Southland Property (as used herein, the "Sale"), which serves as part of the
Glicny Collateral securing the Glicny Claims.   Other relief requested in the Sale Motion will be
addressed through a separate order.

Based on the Sale Motion, the entire record presented at the hearing held May 29, 2014,
to confirm the Auction (the "Sale Approval Hearing"), and good and sufficient cause appearing
therefor,

**THE COURT FINDS AND CONCLUDES** as follows:

A.      On October 4, 2013 (the "Petition Date"), Lofino Properties, LLC ("Lofino") and
Southland 75, LLC ("Southland") each filed with this Court a voluntary petition for relief under
Chapter 11 of the Bankruptcy Code.

---

[2]      Unless otherwise defined herein, all capitalized terms used in this Order will have the same meaning given
to them in the Sale Motion.

B.    On January 29, 2014, the Court entered its Orders (L.Doc. 100, L.Doc. 101, S.Doc. 92) substantively consolidating the Debtors' estates.

C.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(b) and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

D.    Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

E.    As set forth in the Amended Certificate of Service for (1) Sale Motion, (2) Sale Procedures Motion, (3) Emergency Motion Relating to Sale Motion, (4) Emergency Motion Relating To Sale Procedures Motion, and (5) Notice of Foregoing Motions (Doc, 179), the Notice of Filing of Trustee's (1) Sale Motion Regarding Debtors' Certain Property Subject to Mortgages and Liens of Glicny Real Estate Holding, LLC, Free and Clear of Liens, with Liens to Attach to Proceeds of Sale, and (2) Sale Procedures Motion, and Notice of Requests for Reduced Time of Notice and Expedited Hearings (Doc. 178) was served on May 6, 2014, on all parties in interest and counsel who had entered an appearance in this case as of the date of service.

F.    By Order Approving Amended Emergency Motion for an Order Scheduling Expedited Hearing and Reducing Time of Notice of Sale Motion (Doc. 182), the Court shortened the time of notice of the Sale Motion and required that responses to the Sale Motion were to be filed and served on counsel for the Trustee on or before May 20, 2014.

G.    On May 7, 2014, Notice of Entry of Orders Approving Motions for Reduced Time of Notice and for Expedited Hearings (Doc. 187) was served on all parties in interest and counsel who had entered an appearance in this case as of the date of service, notifying parties that "objections or responses to the Sale Motion (Doc. 173) must be filed and served on or before **May 20, 2014**…. If no objection or response to the Sale Motion is timely filed and served, the Court may enter an order approving the Sale Motion without further notice or an actual hearing."

H.      No objections or responses to the Sale Motion were timely filed or served on counsel for the Trustee.

I.      On May 20, 2014, the Court entered the Order Approving Trustee's Motion to Establish Bidding Procedures for the Sale of Debtors' Certain Property Subject to Mortgages and Liens of Glicny Real Estate Holding, LLC, and Establishing Auction and Hearing Dates (the "Sale Procedures Order") (Doc. 209).  The Sale Procedures Order required that, no later than May 20, 2014, the Trustee provide notice to all counterparties to executory contracts and unexpired leases that may be assumed and assigned to the holders of the Successful Bid of the cure amount with respect to any executory contract or unexpired lease to be assumed and assigned, and that if no objection to the proposed cure was filed on or before May 27, 2014 at 4:00 p.m., then the proposed cure of any contract or lease assumed and assigned would be enforced against the counterparty.

J.      The Sale Procedures Order further fixed May 27, 2014, as the Bid Deadline, and provided that the Auction be held at the offices of Wood & Lamping LLP on May 29, 2014, at 9:30 a.m.

K.      On May 20, 2014, the Court also entered an Order Continuing Hearing on Bid Procedures Motion as it Pertains to the Wilmington Pike Real Property Known as Cub Foods II (Doc. 208).

L.      On May 20, 2014, the Trustee served Notice of Cure Amount with Respect to Executory Contract or Unexpired Lease to be Assumed and/or Assigned (the "Notice of Cure Amount") (Doc. 207) on all parties in interest and counsel who had entered an appearance in this case as of the date of service, including on all counterparties to executory contracts and unexpired leases that may be assumed and assigned.

M.      No counterparty to any executory contract or unexpired lease that may be assumed and assigned timely responded on or before May 27, 2014, to the Notice of Cure Amount.

N.      Three parties other than Glicny expressed an interest in participating in the Auction, entered into Confidentiality Agreements with the Trustee, and were provided with information and access to information so they could conduct due diligence with respect to the Southland Property.

O.      No Qualified Bids were submitted on or before the Bid Deadline.

P.      The Auction was held on May 29, 2014 at the offices of Wood & Lamping LLP.

Q.      Proper and adequate notice of the Sale Motion has been provided or otherwise excused in accordance with 11 U.S.C. §§ 102(1), 363 and 365, and Bankruptcy Rules 2002, 6004, 9006, 9007, 9014, and 9019 and Local Bankruptcy Rules 6004-1 and 9019-1. As a result, notice has been given that is proper and sufficient under the circumstances of the Sale Motion.

R.      The Trustee has marketed the Southland Property and conducted the Sale process in a non-collusive, fair and good faith manner.

S.      Glicny submitted the Stalking Horse Bid at the Auction for the Southland Property and was declared the Successful Bidder with the highest and best bid of $6,500,000.00 (the "Purchase Price") provided in the form of a valid credit bid. The Purchase Price was allocated as a $4,500,000 credit bid for the Southland Shopping Center and associated assets, and a $2,000,000 credit bid for the Cub Foods I and associated assets.

T.      After due and sufficient notice of the Sale Motion and Sale Approval Hearing, there are no pending objections to the Sale Motion or the Sale as it relates to the Southland Property, or such objections have been, and are hereby, overruled.

U.    The Trustee and Glicny have at all times acted in connection with the Sale process without collusion, in good faith, from arm's length bargaining positions, and in accordance with their respective legal and contractual rights.  Neither the Trustee nor Glicny has engaged in any conduct that would cause or permit the Sale of the Southland Property to be avoided under 11 U.S.C. § 363(n), or otherwise.

V.    Glicny is a good faith purchaser under 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby.

W.    The Purchase Price: (a) is fair and reasonable; (b) constitutes the highest and best offer for the Southland Property; (c) will provide a greater recovery for estate's creditors than would be provided by any other practical available alternative; and (d) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under all applicable non-bankruptcy law.

X.    The transfer of the Southland Property to Glicny will be a legal, valid and effective transfer of the Southland Property, authorized pursuant to the Bankruptcy Code, and will vest Glicny with all right, title and interest of the estate to the Southland Property free and clear of all liens, claims, and interests, except only for those specifically stated in this Order.

Y.    The Trustee may sell the Southland Property free and clear of all liens, claims, or interests because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied.  Glicny has consented to the Sale of the Southland Property under the terms and provisions of this Order.  Any other holders or beneficiaries of liens, claims, or interests who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2).

Z.    Approval of the Sale of the Southland Property under the terms and conditions of this Order is in the best interests of the estate, its creditors, and other parties in interest.

AA.    Each of the foregoing findings by the Court will be deemed a finding of fact if and to the full extent that it makes and contains factual findings and a conclusion of law if and to the full extent that it makes legal conclusions.

Based on the foregoing, and the entire record before the Court, and for good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.    The paragraphs contained in the foregoing preamble and findings and conclusions are incorporated by reference as operative provisions in this Order and are approved as part of the Court's ruling and decree.

2.    The Sale Motion is granted in part, as set forth herein.

3.    All objections to the Sale of the Southland Property that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

4.    Pursuant to 11 U.S.C. § 363(b), the Trustee shall be, and hereby is, authorized and directed to consummate the Sale of the Southland Property to Glicny, pursuant to and in accordance with the terms and provisions of this Order, by, among other things, executing and recording the "Bankruptcy Trustee's Quitclaim Deed," transferring without representation or warranty the estate's interest in each of the parcels comprising the Southland Property (the "Deeds") in favor of Glicny, the form of which are attached hereto as **Exhibit A**. The form of the Deeds attached hereto is hereby approved and, upon execution and recording, shall be deemed to be sufficient to effectuate a complete transfer of the Southland Shopping Center and Cub Foods I to Glicny.

5.    All requirements of 11 U.S.C. §§ 363(b) and (f), and any other applicable law relating to the Sale of the Southland Shopping Center pursuant to this Order have been satisfied.

Except as expressly permitted or otherwise specifically provided for in this Order, the Southland

Shopping Center shall be transferred to Glicny, subject to all easements, restrictions, and

encumbrances of record prior to December 27, 2006, at 12:35:02 p.m., and free and clear of all

other liens, claims, and interests pursuant to 11 U.S.C. §§ 105(a) and 363(f).

6.      All requirements of 11 U.S.C. §§ 363(b) and (f), and any other applicable law

relating to the Sale of Cub Foods I pursuant to this Order have been satisfied.  Except as

expressly permitted or otherwise specifically provided for in this Order, Cub Foods I shall be

transferred to Glicny, subject to all easements, restrictions, and encumbrances of record prior to

December 27, 2006, at 12:36:37 p.m., and free and clear of all other liens, claims, and interests

pursuant to 11 U.S.C. §§ 105(a) and 363(f).

7.      Upon consummation of the Sale of the Southland Shopping Center in accordance

with this Order, Glicny shall own the Southland Shopping Center, subject to all easements,

restrictions, and encumbrances of record prior to December 27, 2006, at 12:35:02 p.m., and free

and clear of all other liens, claims, and interests, except for those interests described in **Exhibits

A, B, and C** herein which shall remain in full force and effect.

8.      Upon consummation of the Sale of Cub Foods I in accordance with this Order,

Glicny shall own Cub Foods I, subject to all easements, restrictions, and encumbrances of record

prior to December 27, 2006, at 12:36:37 p.m., and free and clear of all other liens, claims, and

interests, except for those interests described in **Exhibits A, B, and C** herein which shall remain

in full force and effect.

9.      The Trustee is authorized and directed to execute and deliver, and empowered to

perform under, consummate and implement, the Deeds, together with all additional instruments

and documents that may be reasonably necessary to implement the transfer of the Southland

Property to Glicny, and to take all further actions as may be necessary or appropriate to the

performance of the obligations as contemplated by this Order, without further order of the Court. For purposes of this Order, "consummation" or "closing" of the Sale of the Southland Property shall occur when the Deeds are executed and delivered to Glicny.  Glicny shall be responsible for recording the Deeds with the appropriate governmental agency.

10.      The transfer of the Southland Shopping Center to Glicny pursuant to the Deed and this Order constitutes a legal, valid and effective transfer of the Southland Shopping Center, and shall vest Glicny with all right, title and interest of the estate in and to the Southland Shopping Center, subject to all easements, restrictions, and encumbrances of record prior to December 27, 2006, at 12:35:02 p.m., and free and clear of all other liens, claims, or interests, except as provided in this Order.

11.      The transfer of Cub Foods I to Glicny pursuant to the Deed and this Order constitutes a legal, valid and effective transfer of Cub Foods I, and shall vest Glicny with all right, title and interest of the estate in and to Cub Foods I, subject to all easements, restrictions, and encumbrances of record prior to December 27, 2006, at 12:36:37 p.m., and free and clear of all other liens, claims, or interests, except as provided in this Order.

12.      Upon consummation of the Sale in accordance with this Order and the Deeds: (i) all entities in possession of some or all of the Southland Property including without limitation, any state-court appointed receiver, the Trustee, the Debtors, or any other party, are directed to surrender possession of the Southland Property to Glicny, (ii) the Trustee shall surrender to Glicny all rents and income collected by the Trustee comprising Glicny's cash collateral, except that (a) $50,000.00 of the contemplated $75,000.00 carve-out to be applied to the fees and expenses of the Trustee and the fees and expenses of Wood & Lamping LLP for services rendered to the Trustee relating to the Glicny Collateral is hereby carved out from the Glicny Cash Collateral and shall be paid to the estate to be applied to those fees and expenses in

accordance with the Fee Procedures Orders (S.Doc. 88, L.Doc. 95) previously entered herein, or following approval of any applications for compensation and reimbursement of expenses filed by the Trustee or Wood & Lamping LLP, (b) $10,000.00 shall be paid to the estate to reimburse it for United States Trustee for fees accruing from the operation of the Glicny Collateral in this case and the sale of the Proposed Sale Assets, whether previously paid by the estate to the United States Trustee or to hereafter be paid, (c) the Trustee shall open a new Cash Collateral Account (the "Trustee's Cash Collateral Account") and at Closing $25,000.00, which remains subject to Glicny's lien, shall be paid to the Trustee's Cash Collateral account to be held therein pending the outcome of the sale of the Cub Foods II property or further Order of the Court, and (d) the Cash Collateral Holdback amount and the amount estimated for the professional fees and expenses of The Gibbs Firm, LPA, for services rendered or to be rendered, which remain subject to Glicny's lien, shall be paid to the Trustee's Cash Collateral Account at Closing, to be used to pay expenses of the estate relating to the Glicny Collateral that are of the type and amount authorized under the Budget to the Second Interim Cash Collateral Order (L.Doc. 180), including appeal of the real estate taxes on the Southland Property and Cub Foods II, that were incurred by the estate but that were not paid as of the Closing Date.

13.     The executory contracts and unexpired leases set forth in **Exhibit C**, attached hereto, are deemed assumed by the Trustee and assigned to Glicny, effective upon consummation of the Sale.  As the Successful Bidder, Glicny shall promptly tender payment of all cure amounts set forth in **Exhibit C** and provide notice to the Trustee that such payment has been tendered.   All anti-assignment provisions in those contracts and leases are deemed unenforceable under 11 U.S.C. § 365(f).  Glicny shall have the right to enforce the contracts and leases listed in **Exhibit C** as if it were an original party thereto.

14.    The Glicny Claims as they relate to the Southland Property, Claims Nos. 5 and 7 (collectively, the "Southland Glicny Claims") are hereby allowed as set forth in those Glicny Claims and the Glicny liens and security interests in the Southland Shopping Center and associated assets (Claim No. 5) and the Cub Foods I and associated assets (Claim No. 7) are hereby adjudicated as valid and enforceable and not subject to avoidance.  Effective upon the Closing Date, the Southland Glicny Claims shall be nonrecourse to the Debtors' consolidated estates such that Glicny will not be entitled to receive disbursements of any kind from the Debtors' consolidated estates on account of the Southland Glicny Claims, other than the payment of the remaining Glicny Cash Collateral not reserved to pay budget expenses from the Cash Collateral Holdback or as otherwise provided in this Order, or as Glicny may consent.

15.    The transactions approved by this Order are undertaken by Glicny in good faith, as that term is used in 11 U.S.C. § 363(m), and Glicny is in all respects a "good faith" purchaser for purposes of 11 U.S.C. § 363(m).  Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to Glicny unless this Order is duly stayed pending such appeal.

16.    On and after the consummation of the Sale in accordance with this Order, no holder of an interest or any claim against the estate may interfere with Glicny's title to, or use and enjoyment of, the Southland Property.

17.    Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions approved by this Order, including, without limitation, the Deeds.

18.    The terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of the Trustee, the Debtors, Glicny, and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons

asserting an interest in the Southland Property, and any subsequently appointed trustee(s) under any chapter of the Bankruptcy Code.

19.     This Order is without prejudice to Glicny's claims and rights in the Glicny Collateral that are not administered through this Order, with all such claims and rights herein fully preserved.  Subject to the Second Interim Cash Collateral Order (L.Doc. 180) and without otherwise limiting the foregoing, Glicny expressly reserves all of its rights and remedies relating to: (i) any super-priority claim Glicny may be entitled to assert in connection with Cub Foods II under Bankruptcy Code §507(b); and (ii) all claims for rents, income, or other amounts paid after the date of appointment of Jamie Hadac as Receiver for Lofino Properties, LLC, and Southland 75, LLC, in Montgomery County Court of Common Pleas, Case No. 2013 CV 02981, to the Trustee, First Financial Bank, N.A., or the Bankruptcy Estate under the Lease Agreement dated September 14, 2006 (the "Lease") entered into between the Debtor and Breads of the World, LLC.

20.     This Order is without prejudice to the Trustee's claims, rights, and remedies, including but not limited  to the payment under 11 U.S.C. § 506(c) of the Trustee's fees/costs and the fees/costs of any other court approved professionals to preserve or dispose of Cub Foods II, with all such claims, rights, and remedies fully preserved; provided, however, any claim by the Trustee for a surcharge against Glicny's interest in the Southland Property pursuant to 11 U.S.C. § 506(c) or against Glicny arising from or related in any way to the Southland Property is hereby fully satisfied and released.

21.     Nothing in this Order limits, modifies, or waives in any respect any of Glicny's rights to proceed with the collection and enforcement of its claims under the Loan Documents against parties other than the Debtors or the Debtors' consolidated estates.  Furthermore, nothing in this Order limits Glicny's right as a judgment creditor to a judgment debtor or other party in

this case with respect to distributions that may be made by the Debtors' consolidated estates or pursuant to any plan of reorganization or otherwise to such judgment debtor.

22.     As provided in Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for 14 days after the entry of the Order, and shall be effective immediately upon entry.

23.     This Court retains jurisdiction to enforce and implement the terms and provisions of this Order, including, but not limited to, retaining jurisdiction to:  (a) compel delivery of the Southland Property to Glicny; (b) compel any person or entity to comply with this Order; (c) resolve any disputes arising under or related to the transactions approved by this Order; and (d) interpret, implement, and enforce the provisions of this Order and the Deeds.

IT IS SO ORDERED.

Serve: All Creditors and Parties in Interest.

###

## Exhibit A

**(Form of Deeds)**

### BANKRUPTCY TRUSTEE'S QUITCLAIM DEED

**KNOW ALL MEN BY THESE PRESENTS THAT** Henry E. Menninger, Jr., Chapter 11 Bankruptcy Trustee, the Grantor herein for the record owner, Southland 75, LLC, as duly appointed in the substantively consolidated Chapter 11 Bankruptcy Cases captioned *In Re Lofino Properties, LLC*, filed in the United States Bankruptcy Court for the Southern District of Ohio as case number 13-34099, and *In Re Southland 75, LLC*, originally filed in the United States Bankruptcy Court for the Southern District of Ohio as case number 13-34100, by the power conferred by the *Order Granting The Trustee's Motion Pursuant to 11 U.S.C. §§363 and 365 And Bankruptcy Rule 9019 for (A) Authority To Sell Debtor's Certain Property Subject To The Mortgage of GLICNY Real Estate Holding, LLC, Free And Clear Of Liens, Claims, And Interests, With Valid Liens To Attach to Proceeds Of Sale, (B) Assumption And Assignment of Associated And Unexpired Leases And Executory Contracts, (C) Approval Of Settlement Between The Trustee And GLICNY Real Estate Holding, LLC, And (D) Related Relief*, a certified copy of which is attached hereto as Exhibit "B" and incorporated as if fully restated herein, for ten dollars ($10.00) and other consideration received to his full satisfaction from GLICNY Real Estate Holding, LLC, the Grantee herein, whose tax-mailing address is: Attention: Cindy Heidel 6620 West Broad Street, Building 1, Richmond, Virginia 23230, does hereby:

     **GIVE, GRANT, BARGAIN, REMISE, RELEASE AND FOREVER QUIT-CLAIM** unto the Grantee, its successors and assigns, all right, title and interest as said Grantor has in and to the following described premises:

### See Exhibit "A" Attached hereto

| | |
|---|---|
| Property Address: | **8209, 8265 - 8361 & Vacant Lot**<br>**Springboro Pike,**<br>**Miami Township, OH** |
| Permanent Parcel No(s): | **K45-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**<br>**K45-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**<br>**K45-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** |
| Prior Instrument Reference: | **Southland 75 LLC, title deed filed December 27, 2006**<br>**in Instrument No. 06-118602 in the**<br>**Montgomery County, Ohio Records.** |

**This Property is conveyed subject to all easements, restrictions, and encumbrances of record prior to December 27, 2006, at 12:35:02 P.M., and is subject to real estate taxes and assessments for the second half of the year 2013 and thereafter, which the Grantee herein hereby assumes and agrees to pay.**

Executed by Henry E. Menninger, Jr., Chapter 11 Trustee for Southland 75, LLC, this ___ day of _____, 2014.

_____

Henry E. Menninger, Jr.
Chapter 11 Trustee for Southland 75, LLC

Execution in accordance with Chapter 5301 of the Revised Code.

State of Ohio          }
                       }
County of Hamilton     }

Before me, a notary public in and for said county and state, personally appeared the above-named Henry E. Menninger, Jr., duly appointed Chapter 11 Trustee in the substantively consolidated Chapter 11 Bankruptcy Cases captioned *In Re Lofino Properties, LLC*, filed in the United States Bankruptcy Court for the Southern District of Ohio as case number 13-34099, and *In Re Southland 75, LLC*, originally filed in the United States Bankruptcy Court for the Southern District of Ohio as case number 13-34100, who acknowledged before me that he did sign the foregoing instrument in his capacity as Chapter 11 Trustee for Southland 75, LLC, and that the same is his free act and deed as such Chapter 11 Trustee.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal this _____ day of _____ 2014.

_____

NOTARY PUBLIC

This document was prepared by:
Blomgren & Bobka Co., L.P.A.
1370 Ontario, Suite 600
Cleveland, OH 44113
216-622-1234
www.blomgren-bobka.com

## EXHIBIT A

**Permanent Parcel No: K45-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; K45-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; K45-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**
**Premises: 8209, 8265-8361 & Vacant Lot Springboro Pike, Miami Twp, OH**

**Parcel I:**

Situated in the Township of Miami, County of Montgomery, State of Ohio and being lots numbered two
(2) and three (3) of record plan Southland 75 as recorded in Plat Book 129, Pages 30 and 30A of the
Montgomery County, Ohio Records.

**Parcel II:**

Easements, rights, benefits and privileges created in the reciprocal easement and restrictive covenants
agreement dated December 30, 1986, by and between Kimco Development of Springboro Pike, Inc. and
Super Valu Stores, Inc., filed for record December 30, 1986 at 1:38 P.M., and recorded in Deed No. 86-
774C08 of the Montgomery County records in and to the following parcels:

Situated in the Township of Miami, County of Montgomery, State of Ohio and being lot number one (1)
of record plan Southland 75 as recorded in plat Book 129, Pages 30 and 30A of the Montgomery County,
Ohio Records.

**Parcel III:**

Situated in the Township of Miami, County of Montgomery, State of Ohio and being Reserve Area "A" of record
plat Southland 75 as recorded in Plat Book 129, Pages 30 and 30A of Montgomery County, Ohio Records.

**EXHIBIT B**

1686978.1

### BANKRUPTCY TRUSTEE'S QUITCLAIM DEED

**KNOW ALL MEN BY THESE PRESENTS THAT** Henry E. Menninger, Jr., Chapter 11 Bankruptcy Trustee, the Grantor herein for the record owner, Lofino Properties, LLC, as duly appointed in the substantively consolidated Chapter 11 Bankruptcy Cases captioned *In Re Lofino Properties, LLC*, filed in the United States Bankruptcy Court for the Southern District of Ohio as case number 13-34099, and *In Re Southland 75, LLC*, originally filed in the United States Bankruptcy Court for the Southern District of Ohio as case number 13-34100, by the power conferred by the *Order Granting The Trustee's Motion Pursuant to 11 U.S.C. §§363 and 365 And Bankruptcy Rule 9019 for (A) Authority To Sell Debtor's Certain Property Subject To The Mortgage of GLICNY Real Estate Holding, LLC, Free And Clear Of Liens, Claims, And Interests, With Valid Liens To Attach to Proceeds Of Sale, (B) Assumption And Assignment of Associated And Unexpired Leases And Executory Contracts, (C) Approval Of Settlement Between The Trustee And GLICNY Real Estate Holding, LLC, And (D) Related Relief,* a certified copy of which is attached hereto as Exhibit "B" and incorporated as if fully restated herein, for ten dollars ($10.00) and other consideration received to his full satisfaction from GLICNY Real Estate Holding, LLC, the Grantee herein, whose tax-mailing address is: Attention: Cindy Heidel 6620 West Broad Street, Building 1, Richmond, Virginia 23230, does hereby:

       **GIVE, GRANT, BARGAIN, REMISE, RELEASE AND FOREVER QUIT-CLAIM** unto the Grantee, its successors and assigns, all right, title and interest as said Grantor has in and to the following described premises:

### See Exhibit "A" Attached hereto

| | |
|---|---|
| Property Address: | **8245 Springboro Pike, Miami Twp, OH** |
| Permanent Parcel No(s): | **K45-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** |
| Prior Instrument Reference: | **Lofino Properties LLC, title deed filed December 16, 1999 in Deed Volume 99-0848, Page A01 in the Montgomery County, Ohio Records.** |

      **This Property is conveyed subject to all easements, restrictions, and encumbrances of record prior to December 27, 2006, at 12:36:37 P.M., and is subject to real estate taxes and assessments for the second half of the year 2013 and thereafter, which the Grantee herein hereby assumes and agrees to pay.**

Executed by Henry E. Menninger, Jr., Chapter 11 Trustee for Lofino Properties, LLC, this ___ day of _____, 2014.

_____

Henry E. Menninger, Jr.

Chapter 11 Trustee for Lofino Properties, LLC

State of Ohio                          }
                                       }
County of Hamilton                     }

Before me, a notary public in and for said county and state, personally appeared the above-named Henry E. Menninger, Jr., duly appointed Chapter 11 Trustee in the substantively consolidated Chapter 11 Bankruptcy Cases captioned *In Re Lofino Properties, LLC*, filed in the United States Bankruptcy Court for the Southern District of Ohio as case number 13-34099, and *In Re Southland 75, LLC*, originally filed in the United States Bankruptcy Court for the Southern District of Ohio as case number 13-34100, who acknowledged that he did sign the foregoing instrument in his capacity as Chapter 11 Trustee and that the same is his free act and deed as such Chapter 11 Trustee.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal this _____ day of _____ 2014.

_____

NOTARY PUBLIC

This document was prepared by:
Blomgren & Bobka Co., L.P.A.
1370 Ontario, Suite 600
Cleveland, OH 44113
216-622-1234
www.blomgren-bobka.com

## EXHIBIT A

**Permanent Parcel No: K45-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**
**Premises:  8245 Springboro Pike, Miami Twp, OH**

Tract I:
Situated in the Township of Miami, County of Montgomery, State of Ohio and being lot numbered one
(1) record plan Southland 75 as recorded in Plat Book 129, Page 30 of Montgomery County Records.

Tract II:
Easements, rights, benefits, privileges created in the reciprocal easement and restrictive covenants
agreement dated December 30, 1986, by and between Kimco Development of Springboro, Inc. and
Supervalu Stores, Inc. and recorded on December 30, 1986 at 1:38 P.M. as Deed No. 86-0774C08 of the
Montgomery County records in and to the following two parcels.

Situated in the Township of Miami, County of Montgomery, State of Ohio and being Lot Numbered two
(2) record plan Southland 75 as recorded in Plat Book 129, Page 30 of Montgomery County Records.

Situated in the Township of Miami, County of Montgomery, State of Ohio and being Lot Numbered three
(3) record plan Southland 75 as recorded in Plat Book 129, Page 30 of Montgomery County Records.

**EXHIBIT B**

## Exhibit B

### (Exceptions To Title)

**The encumbrances that are NOT released are:**

1.  Subordination, Nondisturbance and Attornment Agreement by and between Genworth Life Insurance Company of New York, a New York corporation to Southland 75, LLC filed December 27, 2006 in Instrument No. 06-118604 in the Montgomery County, Ohio Records.

2.  Subordination, Nondisturbance and Attornment Agreement by and between Genworth Life Insurance Company of New York, a New York corporation to Southland 75, LLC filed December 27, 2006 in Instrument No. 06-118605 in the Montgomery County, Ohio Records. Memorandum of Sublease by and between Hardee's Chef Systems, Inc., a North Carolina corporation, 100 N. Broadway, Suite 1200, St. Louis, Missouri 63102 and Midwest First Star Inc., an Ohio corporation, 244 West 4th Street, Deer Park, NY 11729 filed September 18, 2008 in Instrument No. 08-066081 in the Montgomery County, Ohio Records affecting Lot 2.

3.  Assignment of Lease by and between Hardee's Food Systems, Inc., and Midwest First Star, Inc. filed February 22, 2011 in Instrument No. 11-011592 in the Montgomery County, Ohio Records affecting Lot 2.

4.  Easements, rights, benefits and privileges created in the reciprocal easement and restrictive covenants agreement dated December 30, 1986, by and between Kimco Development of Springboro Pike, Inc. and Super Valu Stores, Inc., filed for record December 30, 1986 at 1:38 P.M., and recorded in Deed No. 86-774C08 of the Montgomery County records in and to the following parcels:

> Situated in the Township of Miami, County of Montgomery, State of Ohio and being lot number one (1) of record plan Southland 75 as recorded in plat Book 129, Pages 30 and 30A of the Montgomery County, Ohio Records.

5.  Real estate taxes and assessments, whether now or hereafter due and payable, and associated real estate tax liens.

## Exhibit C

### (Lessee Cure Schedule)

**Contract to be Assumed: Tenant: Cure Amount:**

Dollar Tree – Unit # 8287 Dollar Tree Stores # 1342           $13,630.48
500 Volvo Parkway
Chesapeake, VA 23320


Office Max – Unit # 8341 Office Max # 497                     $0
263 Shuman Boulevard
Naperville, IL 60563
Also:
Office Depot/Max
6600 North Military Trail
Boca Raton, FL 33496

Plato's Closet – Unit # 8319 Plato's Closet                  $1,347.98
c/o R&R Resale, Inc.
8319 Springboro Pike
Dayton, Ohio 45342
Attn: Rebecca Finger

Once Upon a Child – Unit # 8317 Once Upon a Child            $1,524.95
c/o R&R Resale, Inc.
8319 Springboro Pike
Dayton, Ohio 45342
Attn: Rebecca Finger

Hobby Lobby – Unit 8361 Hobby Lobby Store # 109              $0
7707 S.W. 44th Street
Oklahoma City, OK 73179

Life Uniform – Unit # 8267 Life Uniform Store # 109          $4,565.86
2132 Kratky Road
St. Louis, MO 63114

Pets in Stitches – Unit # 8265 Pets In Stitches, LLC         $2,541.73
8265 Springboro Pike
Miamisburg, OH 45342
Attn: Danielle N. Rastetter, DVM

Hardee's – Unit 8209 Farook Shah                             $0
Midwest First Star, Inc.
9730 Tibbals Court
Dayton, Ohio 45458