**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



*L. S. Walter*
Lawrence S. Walter
United States Bankruptcy Judge

**Dated: October 15, 2014**

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| In re: | : | **CASE NO. 13-34099** |
| | : | |
| **Lofino Properties, LLC,** | : | **Chapter 11** |
| | : | **(Substantively consolidated)** [1] |
| Debtor. | : | **Judge Lawrence S. Walter** |
| | : | |

**ORDER APPROVING TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. § 363 AND BANKRUPTCY RULE 9019 FOR (A) AUTHORITY TO SELL TO BREADS OF THE WORLD, LLC THE REAL PROPERTY SUBJECT TO LEASE OF BREADS OF THE WORLD, LLC AND CUB FOODS II, FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS; (B) APPROVAL OF SETTLEMENTS; AND (C) RELATED RELIEF**

This matter is before the Court on the Trustee's Motion Pursuant to 11 U.S.C. § 363 and

Bankruptcy Rule 9019 for (A) Authority to Sell to Breads of the World, LLC the Real Property

---

[1]       *In re Southland 75, LLC*, Case No. 13-34100, substantively consolidated on lead Case No. 13-34099. Documents filed in the individual cases shall be cited by their respective docket numbers, L.Doc. __ for documents previously filed in *In re Lofino Properties, LLC*, Case No. 13-34099, and S.Doc. __ for documents previously filed in *In re Southland 75, LLC*, Case No. 13-34100.

Subject to Lease of Breads of the World, LLC and Cub Foods II, Free and Clear of Liens, Claims, and Interests; (B) Approval of Settlements; and (C) Related Relief (the "Motion") (L.Doc. 317) filed by Henry E. Menninger, Jr., Trustee for Lofino Properties, LLC, and Southland 75, LLC (the "Trustee").  Through the Motion, the Trustee, pursuant to 11 U.S.C. §§ 363(b), (f), (m), and (n); Rules 2002, 6004, 6006, and 9019 of the Federal Rules of Bankruptcy Procedure; and Local Bankruptcy Rules 6004-1 and 9019-1, seeks entry of an order (a) authorizing the sale to BOW Sugarcreek LLC ("BOW Sugarcreek"), an affiliate of Breads of the World, LLC ("BOTW"), of Cub Foods II and the property of Lofino Properties, LLC being leased to BOTW, free and clear of liens, claims, and interests, (b) approving certain settlements between the Trustee, BOTW, Glicny Real Estate Holding, LLC ("Glicny") and other parties, and (c) granting related relief.  The Trustee asserts that good cause exists to grant the Motion because the approval of the proposed sale and settlements described therein provide: (i) a mechanism for disposing of the disputes arising from the proposed sale of certain real property and improvements owned by Lofino Properties, LLC, located at 6134-6140 Wilmington Pike, Sugarcreek Township, Ohio 45459 ("Cub Foods II") to Glicny; (ii) for the payment of $1,700,000 and other consideration to Glicny, (iii) for the payment of $1,130,000 and other consideration to First Financial Bank, N.A. ("First Financial"), (iv) for the release Glicny's mortgage and liens on Cub Foods II and the release of the mortgage and liens of First Financial from the portion of the real property subject to its mortgage and liens that is being sold to BOW Sugarcreek, (v) for First Financial to retain its mortgage and liens on property not sold to BOW Sugarcreek; (vi) for the release of various claims against the estate, (vii) allowing for confirmation of the Joint Plan of Reorganization for Lofino Properties and Southland 75, as amended; and (viii) additional benefits to the Debtors' consolidated estate.  Based on the Motion, the record before the Court, including the proffer of evidence and other support made of record

at the hearing held September 30, 2014, to consider the Motion and the arguments of counsel, and good and sufficient cause appearing therefor,

The Court finds and concludes as follows:

## JURISDICTION AND FINAL ORDER

A.      On October 4, 2013 (the "Petition Date"), Lofino Properties, LLC ("Lofino") and Southland 75, LLC ("Southland") (individually, a "Debtor," and collectively, the "Debtors") each filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

C.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D.      This Order comprises a final and appealable order under 28 U.S.C. § 158(a). Notwithstanding Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure, this Court finds that no cause exists to delay the implementation or effectiveness of this Order and that cause exists to permit this Order to become final in order to permit the transactions authorized herein to proceed for the benefit of the Debtor, the Debtor's bankrutpcy estate, the Debtor's creditors, BOTW, and other parties in interest.  As a result, this Order shall not be stayed and shall be effective immediately upon its entry upon the docket of this Court.  In the absence of a stay pending appeal, BOW Sugarceek will be acting in good faith pursuant to section 363(m) of the Bankruptcy Code in closing the transaction contemplated by the Motion at any time on or after the entry of this Order.

## MOTION AND NOTICE

E.      On January 29, 2014, the Court entered its Orders (L.Doc. 100, L.Doc. 101, S.Doc. 92) substantively consolidating the Debtors' cases.

F.      On September 5, 2014, the Court entered its Order Approving Emergency Motion for an Order Reducing Time of Notice of Motion (A) to Sell Real Property Subject to the Lease of Breads of the World, LLC, and Cub Foods II Free and Clear of Liens, Claims, and Interests, (B) to Approve Settlements, and (C) for Related Relief (L. Doc. 310), reducing the time of notice of the Motion to fourteen days and requiring that responses or objections to the Motion be filed on or before September 26, 2014.

G.      On September 10, 2014, the Court entered an Agreed Order Authorizing And Approving Sale Of The Cub Foods II Property, Free And Clear Of Liens, Claims, And Interests (L.Doc. 313) (the "Glicny Sale Order") which provides, *inter alia*, that if the sale to BOW Sugarcreek as described in the Motion is not timely consummated, Cub Foods II will be sold to Glicny.

H.      As set forth in the Motion (L.Doc. 317) and in the Certificate of Mailing of (1) Notice of Filing Second Amended Joint Plan of Reorganization for Lofino Properties, LLC and Southland 75, LLC, and (2) Trustee's Motion Pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 9019 for (A) Authority to Sell to Breads of the World, LLC the Real Property Subject to Lease of Breads of the World, LLC and Cub Foods II, Free and Clear of Liens, Claims, and Interests, (B) Approval of Settlements; and (C) Related Relief (L.Doc. 318), the Motion was served on September 11, 2014, on all parties in interest and counsel who had entered an appearance in this case as of the date of service.

I.      As set forth in the Notice of Trustee's Motion Pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 9019 for (A) Authority to Sell to Breads of the World, LLC the Real Property Subject to Lease of Breads of the World, LLC and Cub Foods II, Free and Clear of Liens, Claims, and Interests, (B) Approval of Settlements; and (C) Related Relief (L.Doc. 319) (the "Notice") and its accompanying Certificate of Service, as well as the associated Certificate of

4

Mailing on the Notice, the Notice was served on September 11, 2014, on all parties in interest and counsel who had entered an appearance in this case as of the date of service.

J.      The Motion disclosed the material terms of the transactions proposed in the Motion and the Notice disclosed the time within which objections to the Motion could be filed and served, and the date, time, and place of the hearing on any timely objections.      The disclosures made in the Motion concerning the transactions proposed to occur thereunder adequately disclosed the terms and conditions of the proposed transactions, and the objection period provided regarding the Motion afforded a full, fair and reasonable opportunity for any person or entity to make a higher or better offer with regard to the proposed transactions or to contest the validity of BOW Sugarcreek's proposed purchase price and other consideration regarding the proposed transactions.

K.      Thus, proper and adequate notice of the Motion has been provided or otherwise excused in accordance with 11 U.S.C. §§ 102(1), 363 and 365, and Bankruptcy Rules 2002, 6004, 9006, 9007, 9014, and 9019 and Local Bankruptcy Rules 6004-1 and 9019-1.  As a result, notice has been given of the Motion that is proper and sufficient under the circumstances of this case.

L.      After due and sufficient notice of the Motion and the September 30, 2014 hearing, there are no pending objections to the Motion, or such objections have been, and are hereby, overruled, to wit:  the Debtors filed a limited objection to the Motion on September 23, 2014 (L. Doc. 332), and that objection was withdrawn on the record by the Debtors through counsel in open court during the course of the hearing.

<u>SECTION 363</u>

M.      BOTW's affiliate BOW Sugarcreek is designated to be the entity purchasing the real and personal property to be transferred and sold pursuant to the Motion and the entity to be

assigned any applicable leases, executory contracts, or other contracts upon closing. BOW Sugarcreek and the Debtor are not affiliated with each other, nor are they "insiders" of each other as that term is defined in Section 101(31) of the Bankruptcy Code.

N.      The purchase price to be paid, and other consideration for the proposed transactions to be given, by BOW Sugarcreek: (a) is fair and reasonable; (b) constitutes the highest and best offer for the property being sold to it; (c) will provide a greater recovery for the estate's creditors than would be provided by any other practical available alternative; and (d) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under all applicable non-bankruptcy law.

O.      The proposed transactions do not constitute a *de facto* merger or consolidation. The proposed transactions do not constitute a mere continuation or substantial continuation of any part of the Debtors' businesses; there is no continuity between BOTW Sugarcreek and the Debtors, and BOW Sugarcreek is not the successor of the Debtors.

P.      The purpose and intent of the proposed transactions is not to avoid the Debtors' liabilities or to assist either or both BOW Sugarcreek and the Debtors with avoiding liabilities.

Q.      The Trustee and BOW Sugarcreek have at all times acted in connection with the sale and other proposed transactions described in the Motion without collusion, in good faith, from arm's length bargaining positions, and in accordance with their respective legal and contractual rights.

R.      The transfer of the property being sold or otherwise conveyed under the Motion to BOW Sugarcreek will be a legal, valid, and effective transfer of that property, authorized pursuant to the Bankruptcy Code, and will vest BOW Sugarcreek with all right, title and interest of the estate to that property free and clear of all liens, claims, and interests, except only for those specifically stated in this Order.

S.      The Trustee may sell the property that is the subject of the Motion free and clear

of all liens, claims, or interests against the Debtors, their consolidated estate, or any of the real or

personal property to be sold or transferred to BOW Sugarcreek because, in each case, one or

more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied.  Glicny and First

Financial have consented to the sale of that property under the terms and provisions of this

Order.  Any other holders or beneficiaries of liens, claims, or interests who did not object, or

who withdrew their objections, to the sale to BOW Sugarcreek or to the Motion are deemed to

have consented pursuant to 11 U.S.C. § 363(f)(2).

T.      Neither the Trustee nor BOW Sugarcreek has engaged in any conduct that would

cause or permit the sale of the property being sold pursuant to the Motion to be avoided under 11

U.S.C. § 363(n), or otherwise.

U.      Thus, BOW Sugarcreek is a good faith purchaser under 11 U.S.C. § 363(m) and,

as such, is entitled to all of the protections afforded thereby.

<u>SECTION 365</u>

V.      Contemporaneously with the filing of the Motion, First Financial and the Trustee,

as Plan Proponents, filed the Second Amended Joint Plan of Reorganization for Lofino

Properties, LLC and Southland 75, LLC (L.Doc. 315), which provides that the claim of Glicny

shall be treated pursuant to the terms of the Order Authorizing and Approving (A) Sale of the

Southland Property Free and Clear of Liens, Claims and Interests, and (B) Assumption and

Assignment of Associated Unexpired Leases and Executory Contracts (L.Doc. 239) entered by

the Court on July 1, 2014 and the Glicny Sale Order.  The Second Amended Plan further

provides that if the BOW Purchase (as defined in the Motion) is consummated, then the lease

between BOTW and Lofino shall be assumed and assigned to BOW Sugarcreek in conjunction

with the closing of the BOW Purchase, and that if the Glicny Purchase is consummated, the lease

7

between BOTW and Lofino shall be deemed assumed and any default cured without further

action by the Trustee or payment or credit to BOTW other than as may be due to BOTW as a

result of the reconciliation of common area maintenance, insurance, tax, and similar charges due

for 2013 under the lease between BOTW and Lofino (the "CAM Reconciliation").

W.    The assumption and assignment of any leases or executory contracts pursuant to

the terms of this Order is integral to the proposed sale and settlement transactions and is in the

best interests of the Debtors and their consolidated estate, creditors, and other parties in interest,

and represents the reasonable exercise of sound and prudent business judgment by the Trustee.

X.    The cure amounts paid for any assigned leases or other executory contracts

including, without limitation, the BOTW Lease (as defined in the Motion) are the sole amounts

necessary under 11 U.S.C. §§ 365(b)(1)(A) and 365(f)(2)(A) to cure all monetary defaults and

pay all actual pecuniary losses under those assigned leases or other executory contracts.

GENERAL FINDINGS

Y.    The Trustee has full power and authority to enter into, execute, and deliver (a)

sale contracts with regard to the real and personal property to be sold and transferred, (b)

assumed and assigned unexpired leases or other executory contracts, and (c) all other documents

contemplated thereby and thereunder, and no further consents of approvals are required for the

Trustee to consummate the BOW Purchase (as defined in the Motion), except as otherwise set

forth herein.

Z.    As of closing of the BOW Purchase, the transfer of real and personal property to

BOW Sugarcreek will be a legal, valid, and effective transfer of those assets and vests, or will

vest, BOW Sugarcreek with all right, title, and interest of the Trustee and the Debtor in and to

the real and personal property acquired by BOW Sugarcreek, free and clear of all liens, claims,

and interests accruing, arising, or relating thereto at any time prior to closing of the BOW

Purchase, except for any liabilities expressly assumed by BOW Sugarcreek pursuant to this Order or the sale contracts related to the proposed transactions (the "Assumed Liabilities").

AA.    The Trustee has presented sufficient evidence, including evidence provided by offer of proof, and articulated a good, sufficient, and sound business purpose to enter into the transactions proposed in the Motion, and has demonstrated cause for this Court to grant the relief requested in the Motion.

BB.    Approval of the sale of the real and personal property and other transfers that are the subject of the Motion under the terms and conditions of this Order is in the best interests of the Debtors, their consolidated estate, its creditors, and other parties in interest.

CC.    The terms of the settlements among the parties as described in the Motion are fair and reasonable under the circumstances of this case.

DD.    Each of the foregoing findings by the Court will be deemed a finding of fact if and to the full extent that it makes and contains factual findings and a conclusion of law if and to the full extent that it makes legal conclusions.

Based on the foregoing, and the entire record before the Court, and for good cause appearing, it is

ORDERED, ADJUDGED, AND DECREED as follows:

<u>GENERAL PROVISIONS</u>

1.    The paragraphs contained in the foregoing preamble and findings and conclusions are incorporated by reference as operative provisions in this Order and are approved as part of the Court's ruling and decree.

2.    The Motion is approved in its entirety.

3.    All objections to the Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

<u>TRANSFER OF PROPERTY AND LEASES/CONTRACTS</u>

4.      Pursuant to 11 U.S.C. § 363(b), the Trustee, on behalf of himself as Chapter 11

Trustee and the Debtors, shall be, and hereby is, authorized and directed to consummate, and

close on or before October 17, 2014, unless Glicny consents to a later closing date, a private sale

to BOW Sugarcreek of both Cub Foods II and the real estate subject to First Financial's

mortgage that is subject to the BOTW lease (collectively, the "BOW Purchase"), which will

enable BOW Sugarcreek to purchase and own the entire premises that it leases from Lofino (the

"Leased Premises") for the combined sum of $2,500,000, upon the terms and conditions outlined

below.

5.      The Trustee, on behalf of himself as Chapter 11 Trustee and the Debtors, is

authorized, empowered, and directed to execute and deliver to BOW Sugarcreek sale contracts,

deeds, assignments of leases or executory contracts, and any and all other agreements or

documents contemplated thereby or reasonably requested by BOW Sugarcreek to implement and

consummate all of the transactions and perform all of the obligations contemplated by this Order,

necessary to evidence the transfer of the property comprising the BOW Purchase, or required on

behalf of the Trustee, the Debtors, or the Debtors' consolidated bankruptcy estate, to implement

and consummate all of the transactions set forth herein and in the Motion. Any such contracts

and related agreements, documents, or other instruments may be modified, amended, or

supplemented by the parties thereto and in accordance with the terms thereof, without further

order of this Court, provided that such modification, amendment, or supplement does not have a

material adverse effect on the Debtors' chapter 11 cases.

6.      The BOW Purchase shall provide for the following terms with regard to the sale

of the portion of the Leased Premises subject to First Financial Bank, N.A.'s mortgage and liens:

a.  The Trustee will sell to BOW Sugarcreek the portion of Sugarcreek Plaza that is subject to First Financial's mortgage and being leased to BOTW, free and clear of liens, claims, and interests

b.  First Financial will be paid $1,130,000, plus the amount of any swap breakage fee, from the following sources at closing: (i) BOW Sugarcreek will pay $945,000; and (ii) Michael D. Lofino will pay $185,000, plus the cost of a new appraisal of the real property that remains subject to First Financial's mortgage, plus the amount of any swap breakage fee.

c.  Real estate taxes for tax year 2013 have been paid for the portion of the Leased Premises subject to First Financial's mortgage and liens.  If the real estate taxes for the portion of Sugarcreek Plaza that is subject to First Financial's mortgage and being leased to BOTW, accrued for periods after the second half of 2013 through the date of closing of the BOW Purchase, are not paid or credited to BOW Sugarcreek at closing of the BOW Purchase, then BOW Sugarcreek has the option, without penalty, to decline to close the BOW Purchase, in which case the BOW Purchase shall not close and the Glicny Purchase shall be consummated.

d.  Rents shall be prorated and adjusted as of the date of closing on the basis of thirty (30) days to the month with the day of closing being credited to BOW Sugarcreek.  BOW Sugarcreek shall be entitled to a credit at closing for all deposits, if any, made by BOTW under the lease with Lofino either for security or for rent.

e.  Common area maintenance charges, subdivision assessments, and other amounts due under BOTW's lease with Lofino for calendar year 2014 shall be prorated and adjusted as of the date of closing on the basis of thirty (30) days to the month with the day of closing being credited or charged to BOW Sugarcreek, as the case may be.

f.  First Financial will release its mortgage and liens on the portion of Sugarcreek Plaza that is subject to First Financial's mortgage and being leased to BOTW.

g.  First Financial will retain its mortgage and liens on the portion of the property subject to the First Financial mortgage that is not currently leased to BOTW and that is not being sold to BOW Sugarcreek.

h.  The Trustee will assume the BOTW Lease and assign it to BOW Sugarcreek at closing.  Prior to the date of the closing of the sale, Lofino, its estate, and BOTW will resolve any and all claims for the amounts due under the BOTW Lease for the CAM Reconciliation (as defined hereinabove) for the Leased Premises as well as for the reconciliation of common area maintenance, insurance, tax, and similar charges for the period of calendar year 2014 from and including January 1, 2014 through and including the date of closing of the sale of the Leased Premises.

7.     The BOW Purchase shall provide for the following terms with regard to the sale of Cub Foods II:

a.   The Trustee and Lofino will sell Cub Foods II to BOW Sugarcreek, free and clear of liens, claims, and interests.

b.   Glicny will be paid $1,700,000 from the following sources at closing: (i) BOW Sugarcreek will pay $1,555,000; and (ii) Michael D. Lofino, Sr. will pay $145,000.

c.   Any refund of Greene County real estate taxes attributable to the tax year and the period comprising the first half of 2013 shall be administered as set forth in the Glicny Sale Order.

d.   Any rent received by the Lofino bankruptcy estate arising from the lease of an ATM on the Southland Property will be turned over to Glicny as provided in the Glicny Sale Order.

e.   Glicny will release its mortgage and liens on Cub Foods II as provided in the Glicny Sale Order.

f.   Glicny shall withdraw Glicny Real Estate Holding, LLC's Objection to Plan (L.Doc. 288) and shall not object to confirmation of the Joint Plan of Reorganization for Lofino Properties, LLC and Southland 75, LLC (L.Doc. 170), as amended, or any chapter 11 plan proposed in these consolidated cases.

g.   Any other settlements with Glicny to be effective in conjunction with the Glicny Sale Order are incorporated by reference as if fully restated herein.

h.   Real estate taxes that accrued for the first half of tax year 2013 for Cub Foods II have been paid by Glicny. Real estate taxes for Cub Foods II that accrued for the second half of tax year 2013, due in July 2014, including any interest and penalty thereon, will have been paid by the Trustee and the bankruptcy estate at or before closing of the BOW Purchase for Cub Foods II. The real estate taxes for Cub Foods II accrued for periods from and including January 1, 2014, through the date of closing of the BOW Purchase shall be pro-rated and adjusted based upon the latest information available at that closing, taking into account the property value reduction recently determined by the Greene County Board of Revision, and one-half shall be paid by Michael D. Lofino, Sr. to the Debtor at or before said closing. BOW Sugarcreek shall then be given a credit of that amount at closing, and shall thereafter assume and be responsible for all real estate taxes and assessments from and after the date of closing.

8.     The settlement also shall provide for the following additional primary terms:

12

a. The purchase, free and clear of liens, claims, and interests, by BOW Sugarcreek of the portion of Sugarcreek Plaza that is subject to First Financial's mortgage and being leased to BOTW is contingent on BOW Sugarcreek closing on its purchase of Cub Foods II.

b. Contingencies to the BOW Purchase consist of (i) a satisfactory commitment for title insurance and endorsements as may be requested by BOW Sugarcreek, as well as issuance at closing of an Owner's and Mortgagee's policy of title insurance acceptable to BOW Sugarcreek for the full amounts paid by BOW Sugarcreek for the BOW Purchase, (ii) a satisfactory "as built" survey of the properties being purchased, and (iii) satisfactory building inspections, environmental studies and reports, and similar items as BOW Sugarcreek may request.  There is no financing contingency for the BOW Purchase.

c. In the event that BOW Sugarcreek closes on its purchase of Cub Foods II, BOTW will release all claims that it has against Lofino and its bankruptcy estate through the closing of the BOW Purchase providing, however, that all common area maintenance, utility, and other amounts related to any of the real estate subject to the BOW Purchase must be resolved prior to the closing of the BOW Purchase and that BOTW will, as of closing, be released from any claims that Lofino or its bankruptcy estate have against it through that closing.

d. BOW Sugarcreek will agree to pay real estate taxes for the real estate it acquires under the BOW Purchase for dates including and after the date of the closing of the purchase of each portion of the real estate involved in that Purchase.

e. The Trustee will agree to pay real estate taxes only for real estate taxes, interest, and penalty for the second half of 2013, due in July 2014 and unpaid as of the date of this agreement.

f. BOTW shall withdraw the Objection of Breads of the World, LLC to (1) Confirmation of Joint Plan of Reorganization for Lofino Properties, LLC and Southland 75, LLC and (2) to Proposed Assumption of Executory Contract and Cure Amount Thereunder (L. Doc. 286) and shall not object to confirmation of the Joint Plan of Reorganization for Lofino Properties, LLC and Southland 75, LLC (L.Doc. 170), as amended, or any chapter 11 plan proposed in these consolidated cases that incorporates the terms of the settlement set forth herein.

g. Unless otherwise agreed by Glicny, closing of the BOW Purchase shall occur on or before October 17, 2014.

h. No later than ninety (90) days after closing the BOW Purchase, the Trustee, on behalf of Lofino, and BOW Sugarcreek shall enter into a new Reciprocal Easement Agreement for such matters as they agree, or of the nature included in the reciprocal easement agreement dated March 19, 1987, by and between

13

Duke Associates No. 48 Limited Partnership and Dayton Foods Limited Partnership, as amended.

9.      Upon the closing of the BOW Purchase as provided herein, the settlement of the parties resolves the Application of Breads of the World, LLC for Order Allowing and Authorizing Payment of Administrative Claim (L.Doc. 291), and that Application shall be deemed withdrawn.

10.      At the closing of the sale of the BOW Purchase to BOW Sugarcreek, pursuant to and in accordance with the terms and provisions of this Order, the Trustee shall, among other things, execute and deliver to BOW Sugarcreek (a) the "Bankruptcy Trustee's Fiduciary Deeds," transferring with fiduciary covenants, as set out therein, the estate's interest in each of the parcels comprising the BOW Purchase (the "Deeds") in favor of BOW Sugarcreek, the form of which are attached hereto as Exhibits 1 and 2, and (b) an Affidavit of Facts in recordable format acceptable to the Trustee, BOW Sugarcreek and BOW Sugarcreek's title company with regard to the property of Lofino being leased to BOTW.  The Deeds and any other documents regarding the transfers authorized by this Order will vest BOW Sugarcreek with all right, title and interest of the Debtors' estate to the property transferred free and clear of all liens, claims, and interests, except only for those specifically stated in this Order and which liens, claims, and interests, shall attach to the proceeds of sale to the fullest extent permissible under 11 U.S.C. § 363(f).  The form of the Deeds attached hereto is hereby approved and, upon execution and recording, shall be deemed to be sufficient to effectuate a complete transfer of the real estate subject to the BOW Purchase to BOW Sugarcreek.

11.      Subsequent to the closing of the sale of the BOW Purchase to BOW Sugarcreek, the Trustee is authorized, and shall cooperate with BOW Sugarcreek, to execute such other and further documents and take such other actions as may be necessary fully to effectuate the transfers authorized by this Order, as well as any subdividing or replatting in accord with

applicable non-bankruptcy law, rules, and regulations, regarding and of the real property being sold to BOW Sugarcreek.  In addition, the Trustee and Lofino shall not permit any liens, claims or encumbrances to arise post-closing which could impair the transactions authorized under this Order or the real or personal property or title conveyed to BOW Sugarcreek in accord therewith.

12.     If the BOW Purchase does not occur, then the Trustee shall consummate the sale of Cub Foods II pursuant to the Glicny Sale Order and, in conjunction with that transaction, BOTW will be granted an easement that will allow BOTW or its permitted assigns to continue to use Cub Foods II as provided in the Glicny Sale Order.

13.     The automatic stay provisions of 11 U.S.C. § 362 are vacated and modified to the extent necessary to implement the terms and conditions of the BOW Purchase and the provisions of this Order.

14.     A certified copy of this Order may be filed with the appropriate clerk or recorded with the appropriate recorder, secretary of state, or other filing office to evidence the cancellation and release of any of the liens, claims, and interests of record regarding the real or personal property to be sold or transferred pursuant to the BOW Purchase.  To that end, this Order is and shall be binding upon and govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders, or registrars of mortgages or deeds, administrative agencies, governmental departments or entities, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherewise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing entities hereby is directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order.

15.    This Order and any contracts and other documents related to the transactions shall inure to the benefit of the Trustee, the Debtors, the Debtors' consolidated bankruptcy estate, and the creditors thereof, BOTW, BOW Sugarcreek, and their respective successors and assigns.

16.    Any and all persons and entities are forever prohibited and enjoined from (a) commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against BOW Sugarcreek, BOTW, or their successors or assigns in relation to the BOW Purchase with respect to any liens or encumbrances arising under, out of, or in connection with or in any way relating to the Debtors, BOW Sugarcreek, BOTW and the BOW Purchase, and (b) taking any and all actions against BOW Sugarcreek or BOTW with respect to the BOW Purchase that would adversely affect or interfere with the ability of the Trustee to transfer the real and personal property to be sold or transferred in accordance with the terms of the Motion, this Order, and the sale contracts.

17.    This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

18.    Nothing in this Order modifies or amends Glicny's rights and obligations pursuant to the Glicny Sale Order, which fully sets forth Glicny's rights and obligations with respect to the Cub Foods II sale regardless whether the sale is completed pursuant to the Glicny Sale Order or this Order.

19.    As requested in the Motion, and for good cause shown, the Court hereby waives the 14 day stays imposed by Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure, and this Order shall be deemed final upon its entry.

**IT IS SO ORDERED.**

APPROVED:

TRUSTEE:


By_____/s/ Raymond J. Pikna, Jr._____
       Raymond J. Pikna, Jr. (0013135)
       WOOD & LAMPING LLP
       600 Vine Street, Suite 2500
       Cincinnati, Ohio 45202
       Telephone:  513-852-6039
       rjpikna@woodlamping.com
       Attorneys for Trustee


GLICNY REAL ESTATE HOLDING, LLC


By_____/s/ Brian Sirower_____
       Brian Sirower (Arizona Bar No. 012354)
       QUARLES & BRADY LLP
       One Renaissance Square
       2 North Central
       Phoenix, Arizona 85004
       Telephone: (602) 230-4622
       Email: brian.sirower@quarles.com
       And
       Gilbert E. Blomgren (0065240)
       BLOMGREN & BOBKA CO., L.P.A.
       1370 Ontario Street, Suite 600
       Cleveland, Ohio 44113
       Telephone: (216) 622-1234
       gblomgren@bnblawyers.com
       Attorneys for Creditor GLICNY Real Estate
       Holding, LLC

BREADS OF THE WORLD, LLC


By    /s/ Donald W. Mallory
      Donald W. Mallory (0070875)
      Richard D. Nelson (0003943)
      COHEN, TODD, KITE & STANFORD, LLC
      250 East Fifth Street, Suite 2350
      Cincinnati, OH 45202
      Telephone: (513) 421-4020
      dmallory@ctks.com
      ricknelson@ctks.com

      and

      Bonnie L. Clair (MO41696)
      SUMMERS COMPTON WELLS LLC
      8909 Ladue Road
      St. Louis, MO 63124
      Telephone: (314) 991-4999 x340
      Email: bclair@summerscomptonwells.com
      Attorneys for Breads of the World


FIRST FINANCIAL BANK, N.A.


By    /s/ Jason V. Stitt
      Robert G. Sanker (0039040)
      Jason V. Stitt (0078513)
      KEATING MUETHING & KLEKAMP PLL
      One East Fourth Street, Suite 1400
      Cincinnati, Ohio 45202
      Telephone: (513) 579-6587
      rsanker@kmklaw.com
      jstitt@kmklaw.com
      Attorneys for First Financial Bank, N.A.

LOFINO PROPERTIES, LLC (Substantively Consolidated)


By____/s/ Paul Shaneyfelt_____
        Paul H. Shaneyfelt (0065629)
        315 Public Square
        3900 Key Center, Suite 204
        Troy, Ohio 45373
        Telephone: (937) 216-7727
        paulshaneyfeltlaw@gmail.com
        Attorneys for Lofino Properties, LLC


SOUTHLAND 75, LLC (Substantively Consolidated)


By____/s/ Joshua M. Kin_____
        Joshua M. Kin (0086965)
        Pickrel, Schaeffer & Ebeling Co., LPA
        2700 Kettering Tower
        Dayton OH 45423-2700
        Telephone: 937.223.1130
        jkin@pselaw.com
        Attorneys for Southland 75, LLC


Serve: All Creditors and Parties in Interest.

                       ###

Exhibit 1

**BANKRUPTCY TRUSTEE'S FIDUCIARY DEED**

      **KNOW ALL MEN BY THESE PRESENTS THAT**, Henry E. Menninger, Jr. Chapter 11 Bankruptcy Trustee, the Grantor herein for the record owner, Lofino Properties, LLC, as duly appointed in the substantively consolidated Chapter 11 Bankruptcy Cases captioned *In Re Lofino Properties, LLC*, filed in the United States Bankruptcy Court for the Southern District of Ohio in case number 13-34099 and *In Re Southland 75, LLC*, originally filed in the United States Bankruptcy Court for the Southern District of Ohio as case number 13-34100, by the power conferred by the *Order Authorizing and Approving Sale of the Cub Foods II Property, Free and Clear of Liens, Claims and Interest*, a certified copy of which is attached hereto as Exhibit "B" and incorporated as if fully restated herein, for ten dollars ($10.00) and other consideration received to his full satisfaction from BOW Sugarcreek, LLC, the Grantee herein, whose tax-mailing address is: _____
_____, does hereby
**GRANT WITH FIDUCIARY COVENANTS** unto the Grantee, its successors and assigns, all right, title and interest as said Grantor has in and to the following described Property:

      **See Exhibit "A" Attached hereto**

| | |
|---|---|
| Property Address: | 6140 Wilmington Pike, |
| | Sugar Creek Township, Ohio |
| | |
| Permanent Parcel No(s): | L32-0001-0003-0-0136-00 |
| | |
| Prior Instrument Reference: | Volume 1392, page 365 in the |
| | Greene County, Ohio Records |

**This Property is conveyed together with and subject to all easements, restrictions and encumbrances of record, and is subject to real estate taxes and assessments for the first half of 2014 and thereafter, which Grantee herein hereby assumes and agrees to pay.**

Executed by Henry E. Menninger, Jr., Chapter 11 Trustee for Lofino Properties, LLC, this ___ day of _____, 2014.

_____
Henry E. Menninger, Jr., Chapter 11 Trustee
for Lofino Properties, LLC

Execution in accordance with Section 5302.09 of the Revised Code.

State of _____     }
                                                                          }
County of _____     }

Before me, a notary public in and for said county and state, personally appeared the above-named Henry E. Menninger, Jr., duly appointed Chapter 11 Trustee in the substantively consolidated Chapter 11 Bankruptcy Cases captioned *In Re Lofino Properties, LLC*, filed in the United State Bankruptcy Court for the Southern District of Ohio as case number 13-34099, and *In Re Southland 75, LLC*, originally filed in the United States Bankruptcy Court for the Southern District of Ohio as case number 13-34100, who acknowledged before me that he did sign the foregoing instrument in his capacity as Chapter 11 Trustee for Lofino Properties, LLC and that the same is his free act and deed individually and as such Chapter 11 Trustee.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal this _____ day of _____ 2014.

_____
NOTARY PUBLIC

This document was prepared by:
Cohen Todd Kite & Stanford, LLC
250 East Fifth Street, Suite 2350
Cincinnati, Ohio 45202

## EXHIBIT A

Situate in the Township of Sugarcreek, County of Greene, State of Ohio and being lot numbered Two D (2D) replat Sugarcreek Plaza Lot 2A, 3A, and Part Lot 3 as recorded in Plat Book 36, Pages 203B and 204A of the Greene County, Ohio records.

Together with easements, rights, benefits and privileges created in the easement and restrictive covenants agreement dated March 19, 1987, by and between Duke Associates No. 48 Limited Partnership, an Indiana Limited Partnership, and Dayton Foods Limited Partnership, a Minnesota Limited Partnership filed for record March 20, 1987 at 10:53 A.M., and recorded in official records Volume 335, Page 361 of the Greene County Records in and to the following parcel: Situate in Section 8, Town 2, Range 6 Mrs, Sugarcreek Township, County of Greene, State of Ohio and being lot number three (3) in the Replat lots 2 and 3 of Sugarcreek Plaza as recorded in Plat Book 23, Pages 132 and 133 of the Greene County Records.

851994.2

Exhibit 2

## BANKRUPTCY TRUSTEE'S FIDUCIARY DEED

**KNOW ALL MEN BY THESE PRESENTS THAT**, Henry E. Menninger, Jr. Chapter 11 Bankruptcy Trustee, the Grantor herein for the record owner, Lofino Properties, LLC, as duly appointed in the substantively consolidated Chapter 11 Bankruptcy Cases captioned *In Re Lofino Properties, LLC*, filed in the United States Bankruptcy Court for the Southern District of Ohio in case number 13-34099 and *In Re Southland 75, LLC*, originally filed in the United States Bankruptcy Court for the Southern District of Ohio as case number 13-34100, by the power conferred by the *Order Authorizing and Approving Sale of the Cub Foods II Property, Free and Clear of Liens, Claims and Interest*, a certified copy of which is attached hereto as Exhibit "B" and incorporated as if fully restated herein, for ten dollars ($10.00) and other consideration received to his full satisfaction from BOW Sugarcreek, LLC, the Grantee herein, whose tax-mailing address is: _____ _____, does hereby **GRANTWITH FIDUCIARY COVENANTS** unto the Grantee, its successors and assigns, all right, title and interest as said Grantor has in and to the following described Property:

**See Exhibit "A" Attached hereto**

| | |
|---|---|
| Property Address: | 6140 Wilmington Pike, Sugar Creek Township, Ohio |
| Permanent Parcel No(s): | L32-0001-0003-0-0____-00 |
| Prior Instrument Reference: | Volume 1391, page 146 in the Greene County, Ohio Records |

**This Property is conveyed together with and subject to all easements, restrictions and encumbrances of record, and is subject to real estate taxes and assessments for the first half of 2014 and thereafter, which Grantee herein hereby assumes and agrees to pay.**

Executed by Henry E. Menninger, Jr., Chapter 11 Trustee for Lofino Properties, LLC, this ___ day of _____, 2014.

_____
Henry E. Menninger, Jr., Chapter 11 Trustee for Lofino Properties, LLC

Execution in accordance with Section 5302.09 of the Revised Code.

State of _____     }
                                             }
County of _____     }

Before me, a notary public in and for said county and state, personally appeared the above-named Henry E. Menninger, Jr., duly appointed Chapter 11 Trustee in the substantively consolidated Chapter 11 Bankruptcy Cases captioned *In Re Lofino Properties, LLC*, filed in the United State Bankruptcy Court for the Southern District of Ohio as case number 13-34099, and *In Re Southland 75, LLC*, originally filed in the United States Bankruptcy Court for the Southern District of Ohio as case number 13-34100, who acknowledged before me that he did sign the foregoing instrument in his capacity as Chapter 11 Trustee for Lofino Properties, LLC and that the same is his free act and deed individually and as such Chapter 11 Trustee.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal this _____ day of _____ 2014.

_____
NOTARY PUBLIC

This document was prepared by:
Cohen Todd Kite & Stanford, LLC
250 East Fifth Street, Suite 2350
Cincinnati, Ohio 45202

## EXHIBIT A

Situate in Section 8, Town 2, Range 6 M.R.s, City of Beavercreek, County of Greene, State of Ohio, being part of Lot 3C in a replat of the Sugarcreek Plaza Plat as recorded in Plat Cabinet 36 Page 203B-204A and conveyed to Lofino Properties, LLC, as described in Deed Volume 2745 Page 563, more particularly bounded and described as follows (all references to deeds, microfiche, plats, surveys, etc. refer to the records of the Greene County Records Office, unless noted otherwise):

Beginning at an iron pin with a Woolpert disk (found) at the northwest corner of Lot 1 in the Sugarcreek Plaza Plat as recorded in Plat Cabinet 33 Page 795A-796B, said point also being in the east Right-of-Way line of Wilmington Pike (Right-of-Way varies);

thence with said east Right-of-Way line, North no degrees one minute forty seconds East (N00º01'40"E), for one hundred sixty-five and 96/100 feet (165.96') to a 5/8" iron pin (set) with a EWH 8038 cap;

thence leaving said east Right-of-Way line and along a new division line across said Lot 3C, North eighty-six degrees eleven minutes twenty seconds East (N86º11'20"E) for one hundred seventy-eight and 86/100 feet (178.86') to a point in the west line of Lot 2D in said replat of the Sugarcreek Plaza Plat;

thence along said west line, South three degrees forty-eight minutes forty seconds East (S03º48'40"E) for one hundred sixty-five and 59/100 feet (165.59') to the northeast corner of said Lot 1, witness a 5/8" iron pin (found) South twelve degrees eleven minutes fifty-five seconds East (S12º11'55"E) for two and 19/100 feet (2.19');

thence leaving said west line and across the north line of said Lot 1, South eighty-six degrees eleven minutes twenty seconds West (S86º11'20"W) for one hundred eighty-nine and 98/100 feet (189.98') to the **Point of Beginning**, containing no and 701/1000 (0.701) acres, more or less, subject however to all covenants, conditions, restrictions, reservations, and easements contained in any instrument of record pertaining to the above described tract of land.

This description was prepared from a field survey performed by Eric W. Hafer, P.S. #8038, with bearings based on the east Right-of-Way line of Wilmington Pike, North no degrees one minute forty seconds East (N00º01'40"E).

1899977.1